**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RENFIL SYAMSIR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72722

Agency No. A095-630-235

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Renfil Syamsir, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the BIA's finding that Syamsir, who was never arrested, physically harmed, or directly threatened, failed to establish past persecution. *See Lim*, 224 F.3d at 936; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner failed to present evidence that compelled a finding of past persecution). Substantial evidence also supports the finding that Syamsir failed to establish it is more likely than not he will be persecuted if returned to Indonesia. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Syamsir's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT protection because Syamsir failed to establish it is more likely than not he will be tortured in Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Syamsir's due process claim because he failed to establish prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**